**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUSTY BUTTON AND MITCHELL TAYLOR BUTTON<br><br>PLAINTIFFS,<br>V.<br><br>AMBER NELSON, NATALIE JEAN, MACKENZIE JOY BRENNAN, HENRY ZEBROWSKI, BEN KISSEL, MARCUS PARKS, ED LARSON, RYAN CONNER, **and** LAST PODCAST NETWORK, LLC.<br><br>DEFENDANTS. | Case No: 2:25-cv-09275-DMG-E<br><br>PLAINTIFFS' REQUEST FOR LEAVE TO FILE A SHORT SUR-REPLY LIMITED TO NEW MATTERS RAISED IN DEFENDANT BRENNAN'S REPLY AND SUPPLEMENTAL DECLARATION |

Plaintiffs Dusty Button and Mitchell Taylor Button, appearing pro se, respectfully request leave to file the attached short sur-reply limited to new factual matters raised for the first time in Defendant Mackenzie Joy Brennan's Reply and Supplemental Declaration. Plaintiffs do not seek to reargue their Opposition or obtain the last word. Plaintiffs seek only to correct new factual inferences raised in Brennan's Reply and Supplemental Declaration that bear directly on delayed discovery, account access, and Plaintiffs' request for jurisdictional discovery.

Brennan's Reply argues that Plaintiffs' Exhibit C proves Plaintiffs could view Brennan's Instagram account before December 2024 because one post visible in the profile grid was dated September 8, 2024. Brennan also submitted a new Supplemental Declaration concerning that Instagram post and the Twitch livestream. Plaintiffs seek leave to clarify that Exhibit C was screenshotted on August 25, 2026, and that the date of a post appearing in a profile grid does not establish when Plaintiffs discovered the challenged Brennan/SPUN/LPN Twitch publication, Brennan's role, or the unavailable livestream content.

Plaintiffs also seek leave to address Brennan's new declaration testimony that the Twitch livestream existed but was not available for later download after the stream. Plaintiffs contend this testimony supports, rather than defeats, Plaintiffs' position that discovery is needed into the stream's availability, archives, reposts, deletion or

unavailability, blocking/access issues, communications, and when Plaintiffs could reasonably have discovered Brennan's role. Plaintiffs further seek leave to address Brennan's new evidence confirming that her Instagram account remains active and accessible to her, while Plaintiffs' own access shows the account as unavailable. This is relevant to Plaintiffs' delayed-discovery and blocking/access allegations.

Finally, Brennan's Reply relies on the meet-and-confer record. Brennan previously stated that she had "additional thoughts" regarding potential "shared interests" but preferred to discuss them during the conference rather than by email. Plaintiffs understood that statement to mean Brennan might provide information bearing on her role, knowledge, communications, or potential resolution. Brennan did not provide substantive information resolving those issues, and Plaintiffs do not know what information Brennan referenced. This is relevant only because Brennan now relies on the meet-and-confer record and her own factual denials to argue dismissal with prejudice.

Because these points arise from Brennan's Reply and Supplemental Declaration, and because Plaintiffs' proposed sur-reply is narrowly limited to those new matters, Plaintiffs respectfully request leave to file the attached short sur-reply.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the attached short sur-reply.

Respectfully dated this 1st day of September, 2026

Mitchell Taylor Button and Dusty Button (pro se)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed through the ECF system for the Central District of California on September 1st, 2026 and delivered to Defendant through ECF on September 1st, 2026.

Dated this 1st day of September, 2026,

/s/______________________________

Signature of Plaintiff Dusty Button (*Pro se*)

/s/______________________________

Signature of Plaintiff Mitchell Taylor Button (*Pro se)*