**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUSTY BUTTON AND MITCHELL TAYLOR BUTTON<br><br>PLAINTIFFS,<br>V.<br><br>AMBER NELSON, NATALIE JEAN, MACKENZIE JOY BRENNAN, HENRY ZEBROWSKI, BEN KISSEL, MARCUS PARKS, ED LARSON, RYAN CONNER, **and** LAST PODCAST NETWORK, LLC.<br><br>DEFENDANTS. | Case No: 2:25-cv-09275-DMG-E<br><br>[PROPOSED] PLAINTIFFS' SHORT SUR-REPLY LIMITED TO NEW MATTERS RAISED IN DEFENDANT BRENNAN'S REPLY AND SUPPLEMENTAL DECLARATION |

Plaintiffs Dusty Button and Mitchell Taylor Button respectfully submit this short sur-reply only to address new factual matters raised in Defendant Brennan's Reply and Supplemental Declaration.

First, Brennan argues that Plaintiffs' Exhibit C undermines delayed discovery because one post visible in the Instagram profile grid was dated September 8, 2024. That inference is incorrect. Exhibit C was screenshotted on August 25, 2026. The date of one Instagram post appearing in a profile grid does not establish when Plaintiffs discovered Brennan's account, discovered the specific Brennan/SPUN/LPN Twitch publication, understood Brennan's role, or could reasonably access the unavailable livestream content.

Second, publication date is not the same as discovery date. Brennan's argument assumes that because the LPN/SPUN Twitch promotion was dated June 2023, Plaintiffs necessarily discovered or reasonably should have discovered Brennan's role at that time. Plaintiffs allege delayed discovery, blocking or lack of access, deleted or unavailable social-media content, and later discovery of the Twitch/Instagram materials. Those allegations cannot be resolved against Plaintiffs on a Rule 12 motion.

Third, Brennan's Supplemental Declaration confirms that the Twitch livestream existed and was publicly broadcast live, but also states that Brennan does not possess a recording and that the stream was not available for later download after June

2023. That testimony supports Plaintiffs' request for discovery. The contents of the stream, who participated, what was said, who retained or controlled the recording, whether it was archived, reposted, removed, monetized, or otherwise distributed, and what Brennan communicated with SPUN/LPN participants remain factual issues.

Fourth, Brennan's Supplemental Declaration confirms that her Instagram account, @mkzjoybrennan, still exists and remains accessible to her. Plaintiffs, however, have been unable to access that account. When Plaintiffs attempted to access https://www.instagram.com/mkzjoybrennan/ on September 1, 2026, Instagram displayed: "Sorry, this page isn't available. The link you followed may be broken, or the page may have been removed." See Supplemental Button Decl., Ex. 1. This supports Plaintiffs' allegation that they were blocked or otherwise unable to access relevant social-media materials, and at minimum creates a factual dispute concerning account access, blocking, discoverability, and delayed discovery that cannot be resolved against Plaintiffs on a Rule 12 motion.

Fifth, Brennan's Reply relies on the meet-and-confer record. Before the conference, Brennan wrote that she had "additional thoughts" regarding potential "shared interests" but preferred to discuss them during the conference rather than by email. Plaintiffs understood that statement to mean Brennan might provide information relevant to her role, knowledge, communications, or potential resolution. Brennan did not provide

substantive information resolving those issues, and Plaintiffs still do not know what information Brennan was referencing. That does not decide the motion, but it shows why Brennan's factual denials should not be treated as a complete record supporting dismissal with prejudice before discovery.

## CONCLUSION

For these reasons, Brennan's new reply evidence does not justify dismissal with prejudice. At minimum, it reinforces Plaintiffs' request for jurisdictional discovery and leave to amend if the Court requires additional Brennan-specific allegations..

Respectfully dated this 1st day of September, 2026

Mitchell Taylor Button and Dusty Button (pro se)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed through the ECF system for the Central District of California on September 1st, 2026 and delivered to Defendant through ECF on September 1st, 2026.

Dated this 1st day of September, 2026,

/s/______________________________

Signature of Plaintiff Dusty Button (*Pro se*)

/s/______________________________

Signature of Plaintiff Mitchell Taylor Button (*Pro se)*