Mackenzie Joy Brennan
105 N. 13th Street, Ste. 401
Brooklyn, NY 11249
Email: MkzJoyBrennan@gmail.com
Defendant, In Propria Persona (Pro Se)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUSTY BUTTON and MITCHELL TAYLOR BUTTON,<br><br>Plaintiffs,<br><br>v.<br><br>AMBER NELSON, NATALIE JEAN, MACKENZIE JOY BRENNAN, HENRY ZEBROWSKI, BEN KISSEL, MARCUS PARKS, ED LARSON, RYAN CONNOR, and LAST PODCAST NETWORK, LLC,<br><br>Defendants. | **Case No. 2:25-cv-09275-DMG-E**<br><br>**DEFENDANT MACKENZIE JOY BRENNAN'S OPPOSITION TO PLAINTIFFS' REQUEST FOR LEAVE TO FILE A SHORT SUR-REPLY** |

Defendant Mackenzie Joy Brennan respectfully opposes Plaintiffs' Request for Leave to File a Sur-Reply. Dkt. 26. Local Rule 7-10 contemplates three briefs on a motion: the motion, the opposition, and the reply. A sur-reply exists only “absent prior written order of the Court”-- the exception, not the default-- and leave is warranted only where the reply itself raises matters the non-movant had no earlier opportunity to address. C.D. Cal. L.R. 7-10. Neither Plaintiffs' request nor their proposed sur-reply, Dkt. 26-1, meets that standard.

None of the four points in Plaintiffs' request identifies matter that is actually new. Each responds to material Plaintiffs themselves placed in the record with their own Opposition. Brennan's discussion of the chronology reflected in Plaintiffs' own Exhibit C responds directly to that exhibit and to Plaintiffs' own argument that the stream's timing “must be obtained in discovery.” Opp. at 25–26;

Reply at 6–7. Brennan's Supplemental Declaration testimony concerning the Twitch stream's availability responds to that *same* argument. Reply at 6–7; Suppl. Brennan Decl. ¶ 4. Further, Brennan's discussion of the meet-and-confer record responds to Plaintiffs' own Opposition Section V, which Brennan had no occasion to address until Plaintiffs raised it. Opp. at 16–17; Reply at 7–8. A reply performing its ordinary function of engaging with the non-movant's own opposition evidence and arguments is not "new matter" warranting a sur-reply.

Plaintiffs' own proposed sur-reply, moreover, is not limited to responding to Brennan's Reply. Point four of the proposed sur-reply, and the entirety of the accompanying Supplemental Declaration of Plaintiffs Dusty Button and Mitchell Taylor Button, rest on a screenshot dated September 1, 2026: taken two days after Brennan's Reply was filed, and more than two years after the September 2024 period that Reply addresses, purporting to show that Plaintiffs could not load Brennan's Instagram profile that day. Suppl. Button Decl. ¶¶ 3–6, Ex. 1. That evidence responds to nothing in Brennan's Reply. It has no bearing on whether Plaintiffs could access Brennan's account between September 8 and September 17, 2024, the discrete window Brennan's Reply addresses (and only as raised *by Plaintiffs' Opposition*). FAC ¶¶ 37–42; Reply at 6–7. A request framed as narrowly correcting new matters should not itself become the vehicle for introducing new, extraneous evidence untethered to the pending Motion or the FAC itself.

For these reasons, Brennan respectfully requests that the Court deny Plaintiffs' Request for Leave to File a Sur-Reply. Should the Court nonetheless be inclined to permit a sur-reply, Brennan respectfully requests that any such filing be limited to matters genuinely raised for the first time in Brennan's Reply, exclude the September 2026 evidence described above, and that Brennan be granted leave to file an equally short response.

Dated: September 2, 2026

Respectfully submitted,

/s/ Mackenzie Joy Brennan
Mackenzie Joy Brennan
Defendant, In Propria Persona (Pro Se)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Opposition to Plaintiffs' Request for Leave to File a Sur-Reply was served on September 2, 2026 via the Court's CM/ECF electronic-filing system on all parties, including Plaintiffs Dusty Button and Mitchell Taylor Button, registered to receive electronic notice.

/s/ Mackenzie Joy Brennan

Mackenzie Joy Brennan
Defendant, In Propria Persona (Pro Se)